**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2351-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN L. DILKS,

    Defendant-Appellant.

_____

Submitted January 25, 2021 – Decided March 8, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 18-05-0161.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin L. Dilks appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty on July 31, 2018, to one count of first-degree distribution of lysergic acid diethylamide (LSD), a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1) & (b)(6). He pled guilty in exchange for the prosecutor's recommendation that defendant be sentenced to a period of no more than thirteen-and-a-half years in prison with a seventy-eight-month period of parole ineligibility. At the time defendant committed his offense, he was already a drug court participant—a status which was terminated as a result of his conviction in this matter.

On October 23, 2018, a judge sentenced defendant to twelve years with a five-year period of parole ineligibility in accordance with his plea agreement. Defendant did not file a direct appeal from his conviction and sentence.

Defendant filed his first petition for PCR on April 24, 2019. In his petition, he asserted claims of ineffective assistance of counsel (IAC), based upon his plea counsel not communicating with him or "investigat[ing] this matter." He also claimed that the outcome of his sentencing was altered by plea

counsel's "deficient conduct." Finally, he asserted that his sentence was "excessive and must be modified."

In a supporting certification filed on his behalf, defendant asserted that his plea counsel pressured him into pleading guilty, even though defendant told the plea judge that he was not pressured at that time. Specifically, he claimed that counsel came to him with a plea offer and gave him twenty-four hours to make the decision about accepting it, which was not enough time. He also asserted that counsel advised him to plead guilty without "develop[ing] any defenses or hav[ing] any meaningful discussions about [his] case."

Defendant also claimed that he was initially told by counsel that his plea "involved a Brimage[1] sentence," but at sentencing he learned that it did not and when he asked to withdraw his guilty plea, his attorney "refused." Instead, his counsel told him that he would "argue for a lower sentence," but that was "not what [defendant] wanted."

---

[1] State v. Brimage, 153 N.J. 1 (1998). Pursuant to Brimage, the Attorney General adopted guidelines in 1998 to provide uniform plea agreement guidelines "intended to regulate a defendant's exposure to mandatory minimum terms of imprisonment" in drug cases. Cannel, N.J. Criminal Code Annotated, cmt. 1 on N.J.S.A. 2C:35-12 (2020). The Guidelines were revised in 2004. See Office of the Attorney General, Brimage Guidelines 2 (2004 Revisions): Revised Attorney-General Guidelines for Negotiating Cases Under N.J.S.A. 2C:35-12 (2004), http://www.nj.gov/oag/dcj/agguide/directives/brimagerevision.htm.

A-2351-19

Defendant also contended that plea counsel failed to object at sentencing when the State referred to his criminal history for which defendant "had already been punished . . . and served prison time." Moreover, he claimed that he asked for counsel's help in filing an excessive sentencing appeal but was told "there was nothing to appeal." He asserted that counsel failed to argue for mitigating factors such as defendant's remorse and the hardship that his imprisonment would impose on his family.

In addition to claiming IAC, defendant asserted that his "plea was not voluntarily given because [he] was pressured to plead guilty" and that his plea was not knowingly entered because he was told it was a Brimage offense.

In a supporting brief filed on defendant's behalf, he argued that he was entitled to an evidentiary hearing because of his attorney's IAC. In the brief, defendant began by citing to the same reasons he already argued in his certification. In addition, defendant advanced a claim of "cumulative error" that he asserted entitled him to PCR. Defendant further argued that his claims were not barred by Rule 3:22-4. He also again asserted that his plea was not knowingly and voluntarily given because of his understanding of Brimage's application. He argued he should have been allowed to withdraw his plea and that he "was pressured to plead guilty and misled about his sentencing."

A-2351-19

The PCR judge heard oral argument on December 11, 2019, before issuing his order denying defendant relief. On that date, the judge placed his reasons for denying the petition on the record.

In the judge's oral decision, he found that defendant's contentions were "belied" by the record of the plea hearing. The judge continued by comparing defendant's assertions on PCR to what occurred at the plea hearing where defendant confirmed he did have enough time to speak to his attorney "and he did not need any additional time" before pleading guilty and giving a factual basis for his plea.

Addressing defendant's contention about his criminal history being discussed, the PCR judge noted that the sentencing court had an obligation to consider that history when sentencing. Turning to the Slater[2] factors applicable to a motion to withdraw a guilty plea, the judge noted that there was absolutely no "colorable claim of innocence" advanced by defendant. The judge concluded there were no facts supporting the IAC claim that warranted an evidentiary hearing. This appeal followed.

On appeal, defendant argues the following point:

---

[2] State v. Slater, 198 N.J. 145, 157-58 (2009).

POINT I

COUNSEL FOR DEFENDANT WAS INEFFECTIVE AS HE FAILED TO INVESTIGATE ANY ASPECT OF THE CASE AND DID NOT REVEAL THE TERMS OF DEFENDANT'S PLEA BARGAIN SUCH THAT DEFENDANT ENTERED A PLEA OF GUILTY WHICH DENIED HIM DUE PROCESS AND A FAIR TRIAL.

    A.    INTRODUCTION.

    B.    INEFFECTIVE ASSISTANCE OF COUNSEL.

    C.    TRIAL COUNSEL'S FAILURE TO DISCUSS AND INVESTIGATE THE FACTS OF THE CASE.

    D.    COUNSEL FAILED TO INFORM DEFENDANT OF NATURE OF THE PLEA AND THEREAFTER REFUSED TO FILE A MOTION FOR DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY.

    E.    THE TRIAL COURT ERRED IN FAILING TO REMAND THIS CASE FOR AN EVIDENTIARY HEARING.

We are not persuaded by any of these arguments and affirm.  The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J.

6                                                        A-2351-19

42, 49-50 (1987). "The standard for an [IAC] claim is thus the same under both the United States and New Jersey Constitutions." State v. Gideon, ___ N.J. ___, ___ (2021) (slip op. at 14-15).

In order to prevail on an IAC claim, defendant must establish both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

The two-prong analysis applies equally to convictions after a trial or after a defendant pleads guilty. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). In the context of a PCR petition challenging a guilty plea, the first Strickland prong is satisfied when a defendant establishes that "counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting DiFrisco, 137 N.J. at 457). The second prong is met when a defendant establishes "there is a reasonable probability that, but for counsel's errors, [he

A-2351-19

or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original); see also Lafler, 566 U.S. at 163; McDonald, 211 N.J. at 30 (stating that a defendant must demonstrate "(1) his counsel's performance was deficient and (2) that he was prejudiced by that deficiency" and explaining that "a deficiency is prejudicial if there is a reasonable probability that, but for counsel's errors, the defendant would not have decided to forego the plea agreement and would have gone to trial"); Nunez-Valdez, 200 N.J. at 139.

We conclude from our review that defendant failed to make a prima facie showing of IAC within the Strickland/Fritz test substantially for the reasons stated by the PCR judge. Accordingly, the judge correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992). We add the following brief comments.

On appeal defendant contends for the first time that his plea counsel failed to investigate his case, claiming that counsel did not review a tape recording made by a confidential informant who was with defendant and that his attorney failed to interview witnesses. As these claims were not raised before the PCR judge, they are not properly before us for review. See State v. Robinson, 200 N.J. 1, 20-22 (2009). We limit our review of them to a search for plain error.

R. 2:10-2.  After doing so, we conclude there was no error, let alone plain error, because even if counsel had, in fact, not investigated, defendant has not supported his assertions with any evidence of what the tape recording or the witnesses would have revealed.

Without such support, defendant has merely advanced "bald assertions" that are insufficient to give rise to a prima facie claim of IAC.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing.  Ibid. When determining whether to grant an evidentiary hearing, the PCR judge must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim.  Preciose, 129 N.J. at 462-63.  It follows that a "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170.

Addressing the Brimage issue, there is no reference in the transcript of the plea hearing that indicated defendant was advised by his attorney or anyone that his sentence was subject to the Brimage guidelines.  Rather, defendant, who was pleading guilty to a first-degree offense, was subject to a mandatory period of

parole ineligibility under N.J.S.A. 2C:35-5(b)(6) ("the court shall impose a term of imprisonment which shall include the imposition of a minimum term, fixed at, or between, one-third and one-half of the sentence imposed by the court, during which the defendant shall be ineligible for parole"), and not a Brimage sentence, which defendant confirmed he was told at or before sentencing.[3] At no time did defendant make any statement to the sentencing judge that he wished to withdraw his plea because of a Brimage issue or for any other reason.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] At sentencing, defendant's attorney stated to the judge that "the sentencing range in this case" was subject to a "period of parole ineligibility" "because it[ is] a first degree crime" and not "within Brimage," which gave the judge "discretion as to how long that period of parole ineligibility [was] going to be."

A-2351-19